UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| PAMELA F. BOLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:03-cv-097-RLY-WGH |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES**

**I.  Statement of the Case**

Plaintiff, Pamela Boles, filed a complaint on June 16, 2003, seeking judicial review of a decision of the Social Security Administration ("SSA") denying her disability benefits.  The court remanded the decision of the SSA in an Order dated February 23, 2005.  The court remanded on the basis that the ALJ mistakenly relied on the testimony of a vocational expert from a prior hearing in coming to the conclusion at Step 5 that Plaintiff could perform a substantial number of jobs in the regional economy.  On April 25, 2005, Plaintiff then filed a timely petition for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412(d)(1).  Defendant has opposed the petition for fees, in a motion filed May 10, 2005, arguing that its position was "substantially justified" as defined by the EAJA and that the request for fees is excessive.  Because the court concludes that defendant's position was substantially justified, Plaintiff's petition for fees is **denied**.

## II. Discussion

The EAJA is the statute that governs the awarding of attorney's fees and provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
> . . . .
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(A) & (B).  Thus, the EAJA basically requires that four elements be met in order for an individual to be eligible for an award of fees.  First, the individual must be a "prevailing party."  Second, the SSA must fail to demonstrate that it's position was substantially justified.  Third, there must be no special circumstances that render the award unjust.  And fourth, the application must have been submitted within 30 days of final judgment and be supported by an itemized application.  *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

In this case, Plaintiff qualifies as a prevailing party and Defendant has not identified any special circumstances which would demonstrate that an award of fees is unjust.  Thus, the only remaining issues are whether Defendant's position was

substantially justified and whether Plaintiff timely filed her application for fees.

Defendant carries the burden of proof in determining whether it's position was substantially justified. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996). In order for Defendant's position to be substantially justified, the position must have a reasonable basis in both law and fact. *Id*. at 278. However, "substantially justified" does not mean justified to a high degree. Instead, if there is a genuine dispute or if reasonable persons could disagree as to the appropriateness of the contested action, then the standard is satisfied. *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). Under the EAJA, therefore, the appropriate test is whether the SSA had a rational ground for thinking that it had a rational ground for denying benefits. *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

The SSA's position in this instance was substantially justified. As the court noted in its Memorandum Decision and Order remanding the matter to the SSA, the ALJ relied on testimony from a Vocational Expert given at a prior administrative hearing on the Plaintiff's claim for benefits. After having considered this prior testimony, the ALJ applied the doctrine of *res judicata* to the testimony and concluded that Plaintiff's claim was barred based upon the expert's prior testimony. Although there is an earlier district court opinion that concluded that it would be improper to apply *res judicata* under these circumstances,[1] the court has found no circuit court precedent clearly establishing this

---

[1] Judge Tinder noted in that case that "[r]es judicata effects as to transitory matters such as health do not operate in a subsequent case." *Rucker v. Shalala*, 894 F.Supp. 1209, 1217 (S.D. Ind. 1995).

legal principle.  The doctrines of issue preclusion and claim preclusion are two distinct subsets of *res judicata*.  And, on remand the ALJ would certainly still be permitted to apply issue preclusion in some instances.  The ALJ simply must avoid applying *res judicata* in this narrow instance.  Therefore, the court concludes that, because the ALJ acted without explicit guidance from the Seventh Circuit on a close question of law, the SSA's position was substantially justified because it had rational grounds for thinking that it had a rational reason to deny benefits.

### III.  Conclusion

Defendant's position was substantially justified.  Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is, therefore, **DENIED**.

**IT IS SO ORDERED** this 19th day of July 2005.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

David Adam Bryant
DALEY DEBOFSKY & BRYANT
dabryant@ddbchicago.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov