UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| PAMELA F. BOLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | 3:03-cv-097-RLY-WGH |
| ) | |
| JO ANNE B. BARNHART, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter is before the court on plaintiff's Motion for Reconsideration filed August 2, 2005. (Docket Items 32, 34).

A motion to reconsider, more accurately called a motion to alter or amend a judgment, serves the limited purpose of allowing a court to correct manifest errors of law or fact. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir. 1985). A motion to reconsider should not be used to introduce new evidence that was available during the original consideration nor to introduce new legal theories. *Id.* A motion to reconsider is proper where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

In this instance, plaintiff asks the court to reconsider its decision denying an award of attorney's fees. This court denied attorney's fees after determining that, while plaintiff was entitled to remand, plaintiff had failed to demonstrate that defendant's stance was not substantially justified. Plaintiff argues that the court's determination was flawed because it failed to consider a second issue raised in the brief–whether or not defendant's decision was substantially justified in light of ALJ Miller's failure to ask the proper questions to the vocational expert at plaintiff's hearing.

We have examined the prior decision and note that the determination that remand was necessary was based solely on the grounds that ALJ Miller had improperly relied on prior ALJ Pennock's decision including the testimony of another vocational expert (VE Mr. Kean) at a previous hearing. The court did not address the second issue raised by plaintiff because ALJ Miller's decision did not rely on the testimony of VE Lisa Courtney. Therefore, any inadequate hypothetical questions to VE Courtney were not material to Miller's decision.

In light of the fact that ALJ Miller's decision was remanded based solely on the reliance on ALJ Pennock's opinion and VE Kean 's testimony at a prior hearing, the Court concludes that the July, 19, 2005, decision denying attorney's fees was appropriate. Without a determination that remand was necessary on other grounds, the Court is unable to determine that defendant's position on these issues was not substantially justified. Because the court believes that the issue now raised by plaintiff in this Motion was not material to the decision, and because the Court did not actually

review that issue, the Court declines to revisit the issue at this time.

For the aforementioned reasons, plaintiff's Motion for Reconsideration is

**DENIED**.

SO ORDERED.

Date: December 12, 2005

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

David Adam Bryant
DALEY DEBOFSKY & BRYANT
dabryant@ddbchicago.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov